■Judge Robertson
delivered the opinion of the court.
ÉV an act of 1817, (Session acts 1816, pa. 55,) a company, consisting of James De Wolf and several others, together with sudh others as should afterwards subscribe, Were incorporated under the style of “the Dope Distillery Company,” at Louisville. The stock was distributed into shares of $5,000 each; and each stockholder was declared to be personally responsible to creditors of the company, to the extent of his stock.
In November, 1821, Z. Mallet obtained a judgment against the company for $1367 4 cents, with interest from the 1st of October, 1821, and costs.
In August, 1826, this bill in chancery was filed by Silas Mallet, the administrator of Z. Mallet, against De Wolf and others, for the purpose of enforcing the *402 said judgment. It alleges that the corporation ha«! been dissolved, and that, therefore, the administrator could not revive the judgment by scire, facias; that De Wolf and all the other defendants, except two, are non-residents, and that these two are insolvent. It alleges also, that two of the company, (Thomas Whileing and.-Fletcher,) are dead, and that their heirs are unknown.
There was a regular publication against the unknown heirs,- and the other non residents. De Wolf alone answered. He denies that the judgment was fairly obtained or is justly due, and insists that he is not responsible. .
The court decreed that the defendants pay to the complainant, $> 139? 4 cents, with interest from-the 1st. day of October, 1821, and $10' for the costs of the suit at law. To reverse this decree, a writ of error, with a supersedeas, is prosecuted.
We do not question the jurisdiction of the chancellor, nor the justice of the decree, on principle and proof. The complainant had no adequate remedy at law. The defendants are individually responsible, and each share being $5,000, it was not necessary to aver the amount of stock which each owned, because one share exceeded the amount of the decree. Nor was the omission, to make the personal representatives of the deceased stockholders parties, error, as the decedents were non-residents, and it does not appear who their personal representatives are, or whether there are any. It would have been better, however, to have slated in the bill, that no personal representative was iciiown.
But still, all the proper parties are not before the court. The charter shows that there were some other stockholders than those who were made defendants. The bill does not allege who are the stockholders, or that the defendants are the only ones, or what has become of the others. As each stockholder 'will be liable for contribution, it was proper that all should be made defendants. I. Monroe, 208. The decree is, therefore, erroneous.
Ruggles Whiteing, one of the defendants, having died pending the suit, it was abated as to him. This. *403 for the same reason, was error. There ought to Have been a revivor against his heirs and personal representative, if there was one, otherwise, against his heirs alone. The decree is, also, for $30 too
If bill, alleg-lns: h®'rs t0 be mom to"’ His unnecessary to.. heiTsareun-* known.’-
Wickliffe, for plaintiff; Denny, for defendant.
The proceeding against the unknown heirs, was sufficiently regular. An affidavit was appended to, and filed with the bill, affirming the truth of all its allegations. One of these is, that the names of the heirs are unknown. It was not necessary to file a distinct and additional affidavit, that the heirs were unknown. This is necessary only, when an affidavit js not made to the truth of the allegations of the bill. A reasonable construction of the act of 1815, I. Dig. 61, would not require two affidavits, when the bill, which is verified by the oath of the complainant, alleges that the names of heirs, prayed to be made defendants, are unknown. And we cannot suppose that the cases of Lawlin’s heirs vs. Clay, IV. Littell’s Reports, 284, and of Hynes vs. Oldham, III. Monroe, 267, should be interpreted to require a separate and distinct affidavit, in such a case. In those cases it does not appear that the bills had been sworn to, and, consequently, if they had not been, there was no affidavit. There had, in fact,, been no affidavit in either case.
But for the other errors which have been suggested, the decree must be reversed, and the cause remanded for further proceedings, consistent with this opinion, by making the proper amendments and necessary parties.
The parties must severally pay their own costs in this court.